# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY D. WOODRUFF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   No.: 20-cv-4104-MMM |
| | ) |
| **ILLINOIS DEPT. OF HUMAN SERVICES/** | ) |
| **T.D.F., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center, seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff alleges that on May 6, 2018 and for some time prior, he was on medication including Risperdal, a psychotropic drug, which he received in the form of a shot every two weeks.[1] Plaintiff provides an incident report which indicates that May 6, 2018, Plaintiff fell head-first onto the floor when he climbed from his bunk onto the dresser, and slipped. Plaintiff received several stitches to his head and subsequently underwent surgery to his right arm. Plaintiff alleges that facility staff failed to protect him as he should not have been assigned to a top bunk. He does not claim, however, that he complained about this arrangement to any of the Defendants. Plaintiff requests compensatory and punitive damages.

Plaintiff names the Illinois Department of Human Services ("IDHS"), Rushville Director Greg Scott, Assistant Director Eric Kunkel, Security Director Wanda Pennock and Team Leader Paula Lodge. Plaintiff may not, however, proceed against IDHS in a § 1983 claim for money damages as it is a department of the State of Illinois and enjoys the State's sovereign immunity. *Manly v. Illinois Dept. of Healthcare & Family Services*, 09 C 7298, 2010 WL 5157970, at *5 (N.D. Ill. Dec. 14, 2010). *See also*, *Sittig v. Illinois Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985) (an action against a state agency is construed as an action against the state itself, and Eleventh Amendment sovereign immunity applies). IDHS is DISMISSED with prejudice.

Plaintiff does not plead any claims against the individual Defendants, apparently asserting that they all had a general responsibility to ensure that he was not injured. Plaintiff also

---

[1] "Risperidone is used to treat certain mental/mood disorders (such as schizophrenia, bipolar disorder, irritability associated with autistic disorder). This medication can help you to think clearly and take part in everyday life." https://www.webmd.com/drugs/2/drug-9846/risperdal-oral/details. (Emphasis in original).

names Doe Defendants, not asserting any claims against them or identifying any such individuals by name, title, or status.

Since Plaintiff is a civil detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. To proceed on a Fourteenth Amendment deliberate indifference claim, Plaintiff must plead that Defendants' conduct was objectively, rather than subjectively unreasonable. In other words, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482 at *12 (7th Cir. 2018).

Here, Plaintiff fails to allege that any Defendant was objectively aware that he was at risk of a fall. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740). Plaintiff fails to plead any that any Defendant was deliberately indifferent and instead, seems to plead negligence against them. *See Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (negligently inflicted harm does not amount to a constitutional violation); *Miranda*, 900 F.3d at *12(allegations of negligence and gross negligence insufficient to state a deliberate indifference claim).

It is generally recognized that, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations." *Ashlock v. Sexton*, No.14-360, 2016 WL 3476367, at *3 (S.D. Ind. June 27, 2016) (internal citations omitted). "[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards is not [a form of cruel and unusual punishment]." *Velazquez v. Kane Cty. Jail Adult Judicial Ctr.*, No. 13-0644, 2013 WL 523827, at *2 (N.D. Ill. Feb. 11, 2013), citing *Carroll v. DeTella,* 255 F.3d 470, 472–73 (7th Cir. 2000). Liability will issue, however, if the situation is sufficiently hazardous. *See Ashlock* at *4, "[r]equiring an inmate to descend stairs, with his hands cuffed behind his back, in sandals, without any assistance or means with which to brace himself…" was sufficiently hazardous to state a constitutional violation. Here, Plaintiff fails to identify any such hazardous condition and his complaint is DISMISSED. He will be given an opportunity to replead, but the Court finds it unlikely that he will be able to plead a colorable § 1983 claim under these facts.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's petition to proceed in forma pauperis [3] is DENIED with leave to reassert if he amends his complaint. Defendant IDHS is DISMISSED with prejudice.

2.  Plaintiff files [5] a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event that Plaintiff renews his motion for

appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

   10/20/2020                                            s/Michael M. Mihm
ENTERED                                           MICHAEL M. MIHM
                                                         UNITED STATES DISTRICT JUDGE