UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY D. WOODRUFF,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 20-cv-4104-MMM |
| ) | |
| **GREGG SCOTT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center, files an amended complaint and petition to proceed *in forma pauperis* [ECF 11]. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff alleges that he is on Risperdal which he receives via intramuscular shot every 2 weeks.[1] Plaintiff alleges without elaboration that this leaves him "heavily medicated." Plaintiff also asserts, without identifying a basis for this belief, that the Risperdal causes him to toss and turn at night. On May 6, 2018, Plaintiff apparently fell out of bed, badly injuring his arm.

Plaintiff alleges, again without context, that two physicians, four Rushville Officials and a John Doe staff member "knew" he was heavily medicated and "knew" he should not have been in a top bunk. Plaintiff alleges that he complained to "the doctors," his primary therapist and Defendant Pennock about being in a top bunk. He does not claim, however, that he told them of his sleep disturbances or that he feared falling out of bed. Plaintiff does not explain, in fact, why he believes that his fall from the bed was related to his medication. Plaintiff similarly does not explain why he believed himself to be heavily medicated or how any of the various Defendants would have known of this.

Here, as with his original complaint, Plaintiff pleads that the Defendants had a general responsibility to ensure that he was not injured, without asserting that any Defendant was aware of the potential risk he faced. Plaintiff fails to state a claim, even under a Fourteenth Amendment objective reasonableness standard. *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017) (plaintiff must establish that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk.)

---

[1] Risperdal is an antipsychotic drug used to treat schizophrenia, bipolar disorder, and irritability associated with autistic disorder). *See* https://www.bing.com/search?q=Risperdal&form.

As previously noted, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations." *Ashlock v. Sexton*, No.14-360, 2016 WL 3476367, at *3 (S.D. Ind. June 27, 2016) (internal citations omitted). "[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards is not [a form of cruel and unusual punishment]." *Velazquez v. Kane Cty. Jail Adult Judicial Ctr.*, No. 13-0644, 2013 WL 523827, at *2 (N.D. Ill. Feb. 11, 2013), citing *Carroll v. DeTella,* 255 F.3d 470, 472–73 (7th Cir. 2000). Here, it appears that Plaintiff was injured when he fell out of bed. He does not plead enough to state a colorable claim that his injury was the result of any Defendant's unreasonable conduct. In other words, Plaintiff does establish that any Defendant should have been aware that there was an excessive risk to his safety, and then failed to take reasonable steps to mitigate the risk. *Darnell*, 849 F.3d at 35.

**IT IS THEREFORE ORDERED:**

Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have a final opportunity within 30 days to replead his claims. The pleading is to be captioned Second Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file a second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's petition to proceed in forma pauperis [11] is DENIED with leave to reassert if he amends his complaint.

  8/26/2021                                                s/Michael M. Mihm
ENTERED                                              MICHAEL M. MIHM
                                                      UNITED STATES DISTRICT JUDGE