UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY D. WOODRUFF, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-4104-MMM |
| GREGG SCOTT, et. al., | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT**

**Michael M. Mihm, U.S. District Judge:**

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center (Rushford), has filed a second amended complaint [ECF 17]. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**FACTS**

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. In previous complaints, Plaintiff explained that he is on the prescription medication Risperdal, which he

receives via an intramuscular shot every two weeks.[1] Plaintiff alleges without elaboration that this leaves him "heavily medicated." Plaintiff also asserts, without identifying a basis for this belief, that the medication causes him to toss and turn at night. His previous complaints alleged that he fell out of bed on May 6, 2018, badly injuring his arm and/or head. Records attached to his amended complaint assert that he fell while climbing out of bed. (His second amended complaint, however, neglects to mention any details of the May 6, 2018 fall).

Plaintiff alleges that his May 6, 2018 fall was the result of the deliberate indifference of various staff at Rushford. Plaintiff explains that he fell out of a top bunk in August 2012. Since that fall, he has had a fear of falling again. He alleges that each of the named Defendants knew that he had previously fallen out of the top bunk in August 2012. Further, he alleges that he had informed each of the named Defendants of his concerns and fears about being in the top bunk. Plaintiff does not provide details regarding when he informed any of the Defendants. He does not explain why he believes that medication caused him to toss and turn at night. Moreover, the attached records assert that he fell while *climbing* out of bed, not because he was tossing and turning in his sleep. Plaintiff also generally alleges that the top bunks are dangerous to all detainees due to their "razor sharp edges." He alleges that the bottom bunks are dangerous as well, because one resident fell out of a bottom bunk and lost his left eye.

## ANALYSIS

Plaintiff has not sufficiently alleged that his fall getting off his top bunk on May 6, 2018, and his resulting injuries, were the result of a constitutional violation. As a civil detainee, Plaintiff's claims arise under the Fourteenth Amendment and are subject only to an objective

---

[1] Risperdal is an antipsychotic drug used to treat schizophrenia, bipolar disorder, and irritability associated with autistic disorder). *See* https://www.bing.com/search?q=Risperdal&form.

unreasonableness standard. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious (or if the claim is for inadequate medical care, his medical condition is or was objectively serious); (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, 'not rationally related to a legitimate governmental objective or ... excessive in relation to that purpose.'" *Hardeman*, 933 F.3d at 827 (Sykes, J., concurring) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S. Ct. 2466, 2473–74 (2015)). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda,* 900 F.3d at 352.

  Here, Plaintiff's allegations do not show an objectively serious condition caused his fall. Officials are not required to protect against all risks. It need only address those risks that are objectively serious such that it would be objectively unreasonable not to act. With regards to bunk beds, "[t]he risk of injury from a fall onto a concrete floor is obvious, but the chance that someone would fall is not." *Est. of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017). Plaintiff alleges that Defendants placed him on a top bunk knowing about his specific medication, that he had a fear of falling due to a fall five years prior, and that individuals can injure themselves if they fall out of a top (or bottom) bunk. Plaintiff has not plead sufficient facts to show that his fall was related to medication. His second amended complaint does not actually provide any allegations about the cause of the fall. He provides no support for his belief that his medication caused him to toss and turn. Moreover, his allegations in previous complaints alleged that he did not fall due to tossing and turning in his sleep, but, rather, because he slipped climbing out of the bunk. Plaintiff also alleges that he fell once nearly five years prior and was

afraid of falling again. But that Plaintiff feared falling, does not make the objective risk of falling higher. It was not unreasonable for officials to disregard his unsubstantiated fears. He also plead that it is never safe to place an individual on a top or lower bunk. To the extent Plaintiff is alleging that using bunkbeds in detention generally violates the Constitution, his claim fails.

Because Plaintiff has not plead sufficient facts to show that the conditions—being assigned to a top bunk in light of his medication and his fear of falling—were objectively serious, he cannot show that it was objectively unreasonable for any of the named Defendants who he alleges knew of these conditions to fail to issue him a low bunk permit. Put another way: Plaintiff injured himself during a fall when trying to climb out of bed—he has not connected this injury to any excessive risk to his safety that the Defendants both knew of or should have known of and then unreasonably failed to mitigate. *Miranda,* 900 F.3d at 352.

**IT IS THEREFORE ORDERED:**

Plaintiff's second amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff has already had two opportunities to state a claim. Accordingly, the Court now dismisses this case, without prejudice, for failure to state a claim.

March 4, 2022  /s/ Michael M. Mihm
ENTERED  MICHAEL M. MIHM
 UNITED STATES DISTRICT JUDGE